UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW ORSO,

     Plaintiff,

v.                                                                    Case No: 8:22-mc-32-VMC-JSS

STANLEY CROWLEY,

     Defendant.

_____/

## **ORDER**

Movant Nationwide Judgment Recovery, Inc., as assignee of Plaintiff Matthew Orso, moves the court for a writ of garnishment after judgment directed to JPMorgan Chase Bank, N.A. pursuant to Federal Rule of Civil Procedure 69(a) and Section 77.03 of the Florida Statutes.  (Motion, Dkt. 3.)  For the reasons set forth below, the Motion is **GRANTED**.

## **BACKGROUND**

On August 14, 2017, the United States District Court for the Western District of North Carolina entered final judgment in favor of Plaintiff against Defendant in the amount of $25,765.28.  (Dkt. 1 at 4.)  Plaintiff registered the final judgment with this court on August 1, 2022.  (Dkt. 1.)  As such, the judgment has the same force and effect as if it were entered by this court.  *See* 28 U.S.C. § 1963.

Plaintiff states that Defendant has not satisfied any portion of the judgment. (Dkt. 3 at 2.)  However, Plaintiff believes that JPMorgan Chase Bank, N.A. has in its

possession or control money or property belonging to Defendant sufficient to satisfy

the judgment in whole or in part.  (*Id.*)  Accordingly, Plaintiff moves for the issuance

of a writ of garnishment as to JPMorgan Chase Bank, N.A., as Garnishee.  (*Id.*)

## APPLICABLE STANDARDS

A party may enforce a money judgment by a writ of execution.  Fed. R. Civ. P.

69(a)(1).  The procedure must accord with the procedure of the state where the court

is located.  *Id.*  In Florida, a person who has recovered a judgment in any court against

any entity has a right to a writ of garnishment.  Fla. Stat. § 77.01.  Chapter 77 of the

Florida Statutes sets forth the procedure for obtaining a writ of garnishment under

Florida law.  After judgment has been obtained against a defendant, but before the

writ of garnishment is issued, the plaintiff shall file a motion stating the amount of the

judgment.  Fla. Stat. § 77.03.  The proposed writ shall state the amount named in the

plaintiff's motion and require the garnishee to serve an answer on the plaintiff within

20 days after service of the writ.  Fla. Stat. § 77.04.  Post-judgment writs of garnishment

may be issued *ex parte* and without notice to the judgment debtor.  *See United Presidential

Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc. v. Komatsu*, No.

6:05-cv-1254-ORL-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008) (citing

*Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)).

## ANALYSIS

As Plaintiff has obtained a judgment against Defendant, Plaintiff has a right to

a writ of garnishment.  Fla. Sta. § 77.01.  Plaintiff's Motion states the amount of the

judgment and Plaintiff attached a proposed writ as an exhibit to the Motion.  (Dkt. 3-1.)  The proposed writ states the amount in the Motion and directs JPMorgan Chase Bank, N.A. to respond within 20 days.  (*Id.*)

Accordingly, it is **ORDERED:**

1.  Plaintiff's Motion for Writ of Garnishment (Dkt. 3) is **GRANTED**.

2.  The Clerk of Court shall issue a writ of garnishment to JPMorgan Chase Bank, N.A., 30500 US Hwy 19 N., Palm Harbor, FL 34684, c/o CT Corporation System, 1200 Pine Island Rd., Plantation, FL 33324.  The Clerk of Court shall use the proposed Writ of Garnishment attached to Plaintiff's Motion (Dkt. 3-1), except that the writ should reflect the issuing court as the Middle District of Florida, Tampa Division.

3.  The Clerk shall also attach to the writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes.

4.  Plaintiff is directed to comply with Section 77.041(2) of the Florida Statutes.

**ORDERED** in Tampa, Florida, on September 6, 2022.

 

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record