UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                             Case No: 8:22-mc-32-VMC-JSS

STANLEY CROWLEY,

    Defendant.
_____/

## ORDER

Plaintiff Nationwide Judgment Recovery, Inc. moves the court for a writ of garnishment after judgment directed to Regions Bank pursuant to Federal Rule of Civil Procedure 69(a) and Section 77.03 of the Florida Statutes. (Motion, Dkt. 24.) For the following reasons, the Motion is granted.

## BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered final judgment in favor of Plaintiff against Defendant in the amount of $25,765.28. (Dkt. 1 at 4.) Plaintiff registered the final judgment with this court on August 1, 2022. (Dkt. 1.) As such, the judgment has the same force and effect as if it were entered by this court. *See* 28 U.S.C. § 1963.

Plaintiff states that Defendant has not satisfied any portion of the judgment. (Dkt. 24 at 2.) However, Plaintiff believes that Regions Bank has in its possession or

control money or property belonging to Defendant sufficient to satisfy the judgment in whole or in part. (*Id.*)  Accordingly, Plaintiff moves for the issuance of a writ of garnishment as to Regions Bank, as Garnishee. (*Id.*)

## APPLICABLE STANDARDS

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1).  The procedure must accord with the procedure of the state where the court is located.  *Id.*  In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment.  Fla. Stat. § 77.01.  Chapter 77 of the Florida Statutes sets forth the procedure for obtaining a writ of garnishment under Florida law.  After judgment has been obtained against a defendant, but before the writ of garnishment is issued, the plaintiff shall file a motion stating the amount of the judgment.  Fla. Stat. § 77.03.  The proposed writ shall state the amount named in the plaintiff's motion and require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ.  Fla. Stat. § 77.04.  Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor.  *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-ORL-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008) (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)).

## ANALYSIS

As Plaintiff has obtained a judgment against Defendant, Plaintiff has a right to a writ of garnishment.  Fla. Stat. § 77.01.  Plaintiff's Motion states the amount of the

judgment and Plaintiff attached a proposed writ as an exhibit to the Motion. (Dkt. 24-1.) The proposed writ states the amount in the Motion and directs Regions Bank to respond within 20 days. (*Id.*)

Accordingly:

1. Plaintiff's Motion for a Writ of Garnishment to Regions Bank (Dkt. 24) is **GRANTED**.

2. The Clerk of Court shall issue a writ of garnishment to Regions Bank, 2755 US Hwy 19 ALT, Palm Harbor, FL 34683 c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. The Clerk of Court shall use the proposed Writ of Garnishment attached to Plaintiff's Motion (Dkt. 24-1).

3. The Clerk shall also attach to the writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes.

4. Plaintiff is directed to comply with Section 77.041(2) of the Florida Statutes.

**ORDERED** in Tampa, Florida, on January 30, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record