UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                                                Case No: 8:22-mc-32-VMC-JSS

STANLEY CROWLEY,

    Defendant.
_____/

## ORDER

Plaintiff Nationwide Judgment Recovery, Inc. moves the court for a writ of garnishment after judgment directed to Bank of America, N.A. pursuant to Federal Rule of Civil Procedure 69(a) and section 77.03 of the Florida Statutes. (Motion, Dkt. 36.) For the following reasons, the Motion is granted.

## BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a final judgment in favor of the Court-Appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com and against Defendant in the amount of $25,765.28. (Dkt. 1 at 2–4.) The successor trustee to the receiver registered the final judgment with this court on August 1, 2022. (Dkt. 1.) As such, the judgment has the same force and effect as if it were entered by this court. *See* 28 U.S.C. § 1963. On September 6, 2022, the court granted the successor trustee's motion for a writ of

garnishment after judgment directed to Bank of America, N.A. (Dkt. 6), and the Clerk of Court subsequently issued the writ (Dkt. 10).  Bank of America, N.A. answered the writ on September 9, 2022.  (Dkt. 14.)  On October 26, 2022, the court granted Plaintiff's motion for substitution and substituted Nationwide Judgment Recovery, Inc. as Plaintiff in this matter pursuant to Federal Rule of Civil Procedure 25.  (Dkt. 23.)

In the Motion, Plaintiff states that Defendant has not satisfied any portion of the judgment. (Dkt. 36 at 2.)  However, Plaintiff believes that Bank of America, N.A. has in its possession or control money or property belonging to Defendant sufficient to satisfy the judgment in whole or in part.  (*Id.*)  Accordingly, Plaintiff moves for issuance of a writ of garnishment to Bank of America, N.A. as Garnishee.  (Dkt. 36.)

**APPLICABLE STANDARDS**

A party may enforce a money judgment by a writ of execution.  Fed. R. Civ. P. 69(a)(1).  The procedure must accord with the procedure of the state where the court is located.  *Id.*  In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment.  Fla. Stat. § 77.01.  Chapter 77 of the Florida Statutes sets forth the procedure for obtaining a writ of garnishment under Florida law.  After judgment has been obtained against a defendant, but before the writ of garnishment is issued, the plaintiff shall file a motion stating the amount of the judgment.  Fla. Stat. § 77.03.  The proposed writ shall state the amount named in the plaintiff's motion and require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ.  Fla. Stat. § 77.04. Post-judgment writs of garnishment

may be issued ex parte and without notice to the judgment debtor.  *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008) (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)). Pursuant to section 77.07(5) of the Florida Statutes, "[i]f the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ."  However, a plaintiff may seek a subsequent writ where an original writ has been automatically dissolved pursuant to section 77.07(5).  *See, e.g.*, *Akerman v. Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83, 87 (Fla. 3d DCA 2013); *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 197 So. 3d 137, 140–41 (Fla. 4th DCA 2016).

## ANALYSIS

As Plaintiff has obtained a judgment against Defendant, Plaintiff has a right to writ of garnishment.  Fla. Stat. § 77.01.  Plaintiff's Motion states the amount of the judgment and Plaintiff attached a proposed writ as an exhibit to the Motion. (Dkt. 36-1.)  The proposed writ states the amount in the Motion and directs Bank of America, N.A. to respond within 20 days.  (*Id.*)

Accordingly:

1. Plaintiff's Amended Motion for Writ of Garnishment, After Judgment (Dkt 36) is **GRANTED**.

2. The Clerk of Court shall issue a writ of garnishment to Bank of America, N.A., c/o CT Corporation, 1200 S. Pine Island Road, Plantation, FL 33324. The Clerk shall use the proposed Writ of Garnishment attached to Plaintiff's Motion (Dkt. 36-1). The writ of garnishment shall include copies of Plaintiff's Motion (Dkt. 36) and the registered judgment (Dkt. 1).

3. The Clerk shall also attach to the writ the "Notice to Defendant" required by section 77.041(1) of the Florida Statutes.

4. Plaintiff is directed to comply with section 77.041(2) of the Florida Statutes.

**ORDERED** in Tampa, Florida, on January 22, 2024.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record